UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 1:07 CV 0227 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GERALD T. MCFAUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 16, 2007, pro se plaintiff David E. Feathers filed a Notice of Appeal in the above-captioned civil case. Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an appeal without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. However, prisoners become responsible for paying their filing fees and costs from the moment the notice of appeal is filed. 28 U.S.C. § 1915(b): McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). When an inmate seeks pauper status, the only issue for the court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Id. Prisoners are no longer entitled to a waiver of fees and costs. Id. Therefore, prisoners pursuing an appeal must either pay the full filing for the appeal of $455, or seek pauper status by filing a financial application and a certified copy of the prisoner's trust account statement for the six month period immediately preceding the filing of the notice of appeal. 28 U.S.C. § 1915(a)(2); McGore, 114 F.3d at 608.

Plaintiff is a prisoner in an Ohio correctional institution. Furthermore, he has not paid

the filing fee of $455 nor has he requested pauper status for this appeal. Accordingly, pursuant to 28 U.S.C. § 1915(b), plaintiff is hereby ordered to pay the full fee of $455 if funds to pay it exist in his prisoner account.[1] If plaintiff does not have funds in the account to pay the entire fee at once, he is ordered to complete and submit the accompanying Financial Application for Appeal, including a certified copy of his trust account statement, within 30 days of the date of this order. **Plaintiff is to submit the entire Application at one time.** The court will assess, and when funds exist, collect the full fee as provided by law.

Plaintiff is hereby notified that if he does not pay the full filing fee or file the Financial Application within thirty (30) days, the United States Court of Appeals for the Sixth Circuit may dismiss the appeal for want of prosecution under Rule 45(a) of the Rules of the Sixth Circuit, and this court will assess the filing fee. Further, if the appeal is dismissed for want of prosecution, it will not be reinstated despite payment of the full filing fee or subsequent correction of the deficiency.

IT IS SO ORDERED.

FILED
JUL 30 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] Checks are to be made payable to: Clerk, U.S. District Court. Plaintiff's name <u>and this case number</u> must appear on the check. Only a single, full payment in the amount of $455.00 will comply with this court's order.

2