UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 1:07 CV 227 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GERALD T. MCFAUL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff David E. Feathers filed this action under 42 U.S.C. § 1983 against and the

Americans with Disabilities Act ("ADA") against former Cuyahoga County Sheriff Gerald McFaul,

"John and Jane Doe Correction and other various supervisory or employee[s] of the Cuyahoga

County," Mr. Doviak, Mr. Davidson, Mrs. Minik, Nurse Teare, Dr. Doe "Employee, Officer, and/or

Director of Management Training Corporation" ("MTC"), Nurse Roe "Employee, Officer, and/or

Director of MTC", MTC Dr. Tran, Inspector Fisher, Lake Erie Correctional Institution ("LECI")

Deputy Warden Compton, LECI Warden Ganshiemer, John and Jane Doe Employees, Officers and

Directors of Management Training Corporation, MTC, the Ohio Department of Rehabilitation and

Correction ("ODRC"), and ODRC Deputy Chief Inspector L.C. Coval.  He seeks $ 39,000,000.00

in damages.

**Background**

Mr. Feathers contends that in the spring of 2005, he was assaulted by a fellow inmate in the Cuyahoga County Jail protective custody unit. He alleges the unit was unsupervised at the time of the attack. He states he sustained a head injury in the assault. He indicates that a corrections officer responded to the commotion and had him transported to the medical unit. He received stitches and was returned to his cell. He claims the unit was again left unsupervised. He contends he fell asleep and was unable to be revived. He was taken to the Metro Health Medical Center where he was hospitalized for a period of time. Upon his release, he claims he was transported daily to the hospital for continued treatment.

Mr. Feathers was returned to the Lake Erie Correctional Institution ("LECI") some time thereafter. He contends his medical records were not transmitted. He further claims he is being forced to attend GED classes against his will. He alleges he still suffers from tinnitus and headaches. He states this condition makes it difficult for him to attend GED classes. He claims the defendants have been deliberately indifferent to his serious medical needs.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. (continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, the complaint contains few allegations that can be directly attributed to a particular defendant.  Most of Mr. Feathers's allegations are asserted generally against prison or jail staff.  Mr. Doviak, Mr. Davidson, Mrs. Minik, Dr. Doe, Nurse Roe, Dr. Tran, Inspector Fisher, Deputy Warden Compton, Warden Ganshiemer, MTC, the Ohio Department of Rehabilitation and Correction ("ODRC"), and ODRC Deputy Chief Inspector L.C. Coval are not mentioned at any point in the pleading.  Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

In addition, Gerald McFaul, LECI Deputy Warden Compton, MTC, and Warden Ganshiemer are clearly named in the pleading because they supervise others who may have been responsible for injuries.  For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom or when it can be shown that the supervisor encouraged the specific misconduct or in some way directly participated in it.  See Monell v. Dept. of Social Services, 436

---

(...continued)
1985).

-3-

U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). In the case of Gerald McFaul, Mr. Feathers alleges that corrections officer assigned to monitor the protective custody unit left the unit unattended against the rules and policy of the Sheriff.  There are no allegations of a policy of the Warden or Deputy Warden at LECI which may have violated the plaintiff's rights. There are also no allegations suggesting Gerald McFaul, LECI Deputy Warden Compton, MTC, and Warden Ganshiemer actively engaged in the activities described in the complaint.

In addition to being named in the pleading solely on the basis of respondeat superior, the ODRC is immune from damages under the Eleventh Amendment.  The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies.  Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005); Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Inspector Fisher and L.C. Coval are named in the complaint because they answered grievances in way which Mr. Feathers deemed to be unfavorable.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).

Of the named defendants, Mr. Feathers asserts identifiable claims against only Nurse Teare.  Nurse Teare is alleged to have consulted with the psychiatrist at LECI to get him to overturn plaintiff's exemption from GED classes.  He claims this violated his Eighth Amendment rights. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions

of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  Id.  Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice.  Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.[2]  Id. at 9.  This allegation does not present the type of extreme conduct which deprives Mr. Feathers of "the minimal civilized measure of life's necessities."  Rhodes, 452 U.S. at 347.

Finally, to the extent that "John and Jane Doe Correction and other various supervisory or employee[s] of the Cuyahoga County" can be liberally construed as the Cuyahoga County corrections officer who allegedly left the protective custody unit unattended, Mr. Feathers fails to state a claim against this individual.  Such a claim would arise, if at all, under the Eighth Amendment.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  Id.  Seriousness is measured in response to "contemporary standards of decency."  Hudson v. McMilian, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not

---

[2]     It is interesting to note that in 2006, Mr. Feathers filed Case No. 1:06 CV 487 in which he argued that attendance at GED classes interfered with the time he had available to use the prison's law library.

suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Mr. Feathers has not established the corrections officer acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. The complaint contains very few facts concerning the actions of this officer. Mr. Feather merely indicates that he or she was absent from the immediate area in his unit when the assault occurred. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Id. Even liberally construed, the complaint contains no allegations indicating that this individual acted with a degree of culpability greater than mere negligence.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

January 7, 2010

---

[3]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-7-